IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GREGORY J. HORNE,

*Plaintiff,*

v.

MONAGHAN'S PUB,[1]

*Defendant.*

Civil No. 1:24-cv-01387-JRR

## MEMORANDUM OPINION

Pending before the court is Defendant Monaghan's Pub's Motion to Dismiss at ECF No. 12 (the "Motion").[2] *Pro se* Plaintiff Gregory J. Horne did not oppose or otherwise respond to the Motion.  The court has reviewed all papers; no hearing is necessary.  Local Rule 105.6 (D. Md. 2025).  For the reasons that follow, by accompanying order, the Motion will be granted.

## I.    BACKGROUND[3]

Plaintiff brings this action asserting claims of "emotional distress," "defamation of character," and "unjust enrichment" against Defendant due to the treatment he received during the course of his employment.  (ECF No. 1 at p. 1.)  Defendant employed Plaintiff from October to December 2024.  *Id.*  Shortly after Plaintiff began his employment, he "began having loud unprofessional disputes at the business due to Mrs. Tiffany Jones['] . . . disrespectful manner." *Id.* Ms. Jones criticized Plaintiff's work ethic after he "mentioned that he wasn't being paid/hired to work multiple positions." *Id.*  Plaintiff also asserts that he was told by an unidentified person that

---

[1] The caption of Plaintiff's Complaint erroneously identifies Defendant as "Monahan's Pub."  (ECF No. 1.)

[2] The caption of Defendant's Motion erroneously identifies "Andrea T. Jones" as a Defendant.  (ECF No. 12.)  While Plaintiff later references Andrea T. Jones, she is not listed as a Defendant in Plaintiff's Complaint.  *See* FED. R. CIV. P. 10 (a) (noting that "[t]he title of the complaint must name all the parties").  Even if Plaintiff intended to identify Ms. Jones as a Defendant, this action would still be subject to dismissal for the reasons set forth herein.

[3] In ruling on the instant Motion, the court accepts as true all well-pled facts set forth in the Complaint (ECF No. 1). *See Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017).

"the business 'does not give breaks to its employees.'" *Id.* at p. 2. As part of her actions, Ms. Jones "began to turn other employees against [Plaintiff]," and the workplace became "hostile." *Id.*

Additionally, although Plaintiff's allegations on this point are unclear, it appears that the business owner "Jack" accused Plaintiff of theft and initiated an investigation. *Id.* at pp. 2–3. While Plaintiff agreed to participate in the investigation "to prove his innocence," he was ultimately terminated from his employment. *Id.* at pp. 3–4. It also appears that Plaintiff was subsequently charged with crimes of assault and robbery, but it is not clear whether those charges arose from Defendant's alleged investigation. *Id.* at p. 4.

With the initiation of this action, Plaintiff submitted a motion to proceed in forma pauperis, which was granted subject to the requirements of the Prison Litigation Reform Act. (ECF No. 4, 7.) In light of Plaintiff's indigent status, the court directed the U.S. Marshal to effect service of process on Defendant, and ordered Plaintiff to furnish a U.S. Marshal service of process form to facilitate that process. (ECF No. 7.) The court's order also provided instruction on serving corporations, like Defendant, to aid Plaintiff in properly completing the form. *Id.* Plaintiff submitted the requisite form, which identified the individual and/or corporation to be served as "Monaghan's Pub, Andrea T. Jones." (ECF No. 9.) Plaintiff's Complaint makes no reference to Andrea T. Jones. (ECF No. 1.) Based upon information provided by Defendant, Ms. Jones is an employee of Defendant and is not an officer, resident agent, or any other official authorized to accept service of process for Defendant. (Milani Aff., ECF No. 12-1 ¶ 6.) On September 4, 2025, the summons on Defendant was returned unexecuted. (ECF No. 9.) Thereafter, Defendant filed the instant Motion.

2

## II.     LEGAL STANDRD

Defendant moves to dismiss this complaint on multiple grounds, including Federal Rules of Civil Procedure 12(b)(1), 12(b)(5),[4] and 12(b)(6).  Because the court determines that dismissal is warranted pursuant to Rule 12(b)(1) and 12(b)(5), it does not reach Defendant's arguments as to Rule 12(b)(6).

### A.  Federal Rule of Civil Procedure 12(b)(1)

"Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes dismissal for lack of subject matter jurisdiction."  *Barnett v. United States*, 193 F. Supp. 3d 515, 518 (D. Md. 2016).  "The plaintiff bears the burden of establishing subject matter jurisdiction by a preponderance of the evidence."  *United States ex rel. Fadlalla v. DynCorp Int'l LLC*, 402 F. Supp. 3d 162, 176 (D. Md. 2019) (citing *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999)).  "In determining whether jurisdiction exists, 'the court may look beyond the pleadings and the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue.'"  *Id.* (quoting *Khoury v. Meserve*, 268 F. Supp. 2d 600, 606 (D. Md. 2003)).

Subject matter jurisdiction challenges may proceed in two ways: "either a facial challenge, asserting that the allegations pleaded in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting 'that the jurisdictional allegations of the complaint [are] not true.'"  *Mayor & City Council of Baltimore v. Trump*, 416 F. Supp. 3d 452, 479 (D. Md. 2019) (quoting *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009)).  In a facial challenge, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint

---

[4] Related to Rule 12(b)(5), Defendant also asserts that dismissal is warranted pursuant to Rule 12(b)(2).  Although Defendant advances no argument as to Rule 12(b)(2), the court infers its reference relates to the principle that, because there has not been sufficient service of process, the court lacks personal jurisdiction over Defendant.  *See Hawkins v. i-TV Digitalis Tavkozlesi zrt.*, 935 F.3d 211, 228 (4th Cir. 2019) (recognizing "[p]ersonal jurisdiction requires valid service of process that comports with due process").

3

alleges sufficient facts to invoke subject matter jurisdiction." *Kerns*, 585 F.3d at 192; *see Ministry of Defence of State of Kuwait v. Naffa*, 105 F.4th 154, 159 (4th Cir. 2024) (same). Conversely, in a factual challenge, "the presumption of truthfulness normally accorded a complaint's allegations does not apply, and the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Kerns*, 585 F.3d at 192. "In that circumstance, the court 'may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment.'" *Trump*, 416 F. Supp. 3d at 479 (quoting *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004)). Defendant here mounts a facial challenge to the court's exercise of jurisdiction, asserting that Plaintiff's Complaint fails to provide a basis for this court's original jurisdiction.

### B. Federal Rule of Civil Procedure 12(b)(5)

"A motion to dismiss for insufficient service of process is permitted by Federal Rule 12(b)(5)." *O'Meara v. Waters*, 464 F. Supp. 2d 474, 476 (D. Md. 2006). Because "[t]he real purpose of service of process is to give notice to the defendant," "mere technicalities should not stand in the way of consideration of a case on its merits." *Scott v. Maryland State Dep't of Lab.*, 673 F. App'x 299, 304 (4th Cir. 2016) (citation modified). Indeed, "[w]hen there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process," nonetheless "the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored." *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984). Upon a defendant's Rule 12(b)(5) challenge to service of process, the plaintiff bears the burden to establish adequate service. *Scott*, 673 F. App'x at 304. "Inasmuch as the sufficiency of process and service of process concern the court's jurisdiction, consideration of materials outside the pleadings, such as affidavits, is appropriate." *Davis v.*

*Matroo*, No. 5:13-CV-00233-BO, 2013 WL 5309662, at *2 (E.D.N.C. Sept. 19, 2013) (quoting

*Dimet Proprietary, Ltd. v. Indus. Metal Protectives,* 109 F. Supp. 472, 475 (D. Del. 1952)).

## III.    ANALYSIS

As discussed above, Defendant argues that dismissal is warranted here because this court

lacks subject matter jurisdiction and because Plaintiff's service of process was insufficient.  The

court addresses each below.

### A.  Rule 12(b)(1) Challenge: Lack of Subject Matter Jurisdiction

Defendant first argues that Plaintiff's Complaint fails to state a federal question or cause

of action over which this court has original jurisdiction.  (ECF No. 12 ¶ 3.)  Federal courts are

courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III

of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147

F.3d 347, 352 (4th Cir. 1998).  The "burden of establishing subject matter jurisdiction is on . . . the

party asserting jurisdiction." *Robb Evans & Assocs., LLC v. Holibaugh*, 609 F.3d 359, 362 (4th

Cir. 2010).  Indeed, pursuant to Federal Rule of Civil Procedure 8(a)(1), Plaintiff's Complaint must

contain "a short and plain statement of the grounds for the court's jurisdiction."  FED. R. CIV. P.

8(a)(1).  At issue here, there are two applicable avenues for this court's exercise of jurisdiction—

federal question jurisdiction pursuant to 28 U.S.C. § 1331, or diversity of citizenship jurisdiction

pursuant to 28 U.S.C. § 1332.  As detailed below, neither provides a basis for this court's exercise

of jurisdiction.

Federal question jurisdiction exists where an action "aris[es] under the Constitution, laws,

or treaties of the United States."  28 U.S.C. § 1331.  "To determine whether a case 'arises under'

federal law for the purposes of establishing federal question jurisdiction," courts follow "the well-

pleaded complaint rule" that "jurisdiction exists 'only when a federal question is presented on the

face of the plaintiff's properly pleaded complaint.'" *Pressl v. Appalachian Power Co.*, 842 F.3d 299, 302 (4th Cir. 2016). Here, Plaintiff's Complaint asserts three claims—"emotional distress," "defamation of character," and "unjust enrichment"—all of which are state common law claims. (ECF No. 1 at p. 1.) Accordingly, there is no federal question on the face of his Complaint, *see Pressl*, 842 F.3d at 302, *supra*, and there is no basis for this court's federal question jurisdiction under 28 U.S.C. § 1331.[5]

With regard to diversity jurisdiction, 28 U.S.C. § 1332 provides that federal district courts have "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). While Plaintiff alleges damages in excess of $75,000, Plaintiff does not make any allegations as to citizenship of any party (including his own citizenship). Where there is no allegation to support a finding of complete diversity between the parties, there is no basis for this court's diversity jurisdiction under 28 U.S.C. § 1332. *See* 5 WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 1208 (4th ed. 2026) (noting "when jurisdiction is based on diversity of citizenship, the pleader must allege the existence of both complete diversity of citizenship and the requisite amount in controversy").

In view of the foregoing, the court lacks jurisdiction over this action and must dismiss Plaintiff's Complaint.

---

[5] Plaintiff cogently sets forth the claims he asserts and makes no reference or allegation that appears to invoke any federal employment discrimination statute. Plaintiff makes no allegation of any protected status or that alleged hostility was based on same; indeed, his assertions appear to be to the contrary. Where Plaintiff does not allege any protected status, let alone that his treatment during his employment was related to such status, the court does not construe Plaintiff's Complaint to assert a federal employment discrimination claim. *See, e.g.*, *See Wannamaker-Amos v. Purem Novi, Inc.*, 126 F.4th 244, 255 (4th Cir. 2025) (discussing elements of a Title VII discrimination claim); *Kelly v. Town of Abingdon, Virginia*, 90 F.4th 158, 169 (4th Cir. 2024) (discussing elements of an ADA discrimination claim); *Tickles v. Johnson*, 805 F. App'x 204, 207 (4th Cir. 2020) (discussing elements of an ADEA discrimination claim). Even if he intended to do so, he has failed to state a plausible claim for these reasons.

### B.  Rule 12(b)(5): Insufficient Service of Process

Even if the court did have jurisdiction, Plaintiff's Complaint would still be subject to dismissal for insufficient service of process.[6]  Service of process is governed by Federal Rule of Civil Procedure 4.  Rule 4(h) provides that a corporation, at issue here, must be served either as permitted by Maryland law or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant."  FED. R. CIV. P. 4(h); *see also* FED. R. CIV. P. 4(e)(1).  Relevant here, the Maryland Rules provide that service is made upon a corporation "by serving its resident agent, president, secretary, or treasurer."  MD. RULE 2-124(d).  If the corporation has no resident agent, "or if a good faith attempt to serve the resident agent . . . has failed, service may be made by serving the manager, any director, vice president, assistant secretary, assistant treasurer, or other person expressly or impliedly authorized to receive service of process."  *Id.*  Following service, "proof of service must be made to the court."  FED. R. CIV. P.4(l).  Service must be effected with 90 days of filing of the Complaint, excepting the time it takes the court to rule on Plaintiff's motion to proceed in forma pauperis.  FED. R. CIV. P.4(m); *see McGraw v. Gore*, 31 F.4th 844, 850 (4th Cir. 2022) (holding that "Rule 4(m)'s default 90-day

---

[6] Defendant obviously has actual notice of the instant action based on the filing of the Motion.  (ECF No. 12.)  While the court is cognizant that "mere technicalities" should not stand in the way of consideration of a case on its merits, *see Scott v. Maryland State Dep't of Lab.*, 673 F. App'x 299, 304 (4th Cir. 2016), and of Plaintiff's *pro se* status, the court is nonetheless persuaded that dismissal is warranted here.  The court provided Plaintiff with instruction on how to properly complete the forms for the U.S. Marshal to effect service.  The summons was returned unexecuted, and Plaintiff took no further action to cure any issue.  Then, in the face of Defendant's challenge to service of process, Plaintiff has offered no response, explanation, or made any attempt to cure the issue.  Plaintiff has made no effort to satisfy his burden to establish service.  *See id.*  Thus, Plaintiff's refusal to comport with the service of process rules, or even to act in a manner that reflects an effort to do so, supports dismissal of this action pursuant to Rule 12(b)(5).  The "plain requirements for the means of effecting service of process may not be ignored."  *Armco, Inc. v. Penrod-Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984).   In any event, the court is not able to reach the merits of Plaintiff's claims because dismissal is otherwise warranted on an independent basis—this court's lack of subject matter jurisdiction.

period for service did not begin to run until . . . the district court . . . authorized service by the Marshals Service") (citing *Robinson v. Clipse*, 602 F.3d 605, 608 (4th Cir. 2010)).

The court's order granting Plaintiff's in forma pauperis motion instructed Plaintiff on the applicable rule for serving a corporation. (ECF No. 7.) Nonetheless, Plaintiff submitted the service of process form without identifying an officer, managing or general agent, or other agent authorized to receive service or process for Defendant, or a resident agent, president, secretary, or treasurer. *See* FED. R. CIV. P. 4(h); MD. RULE 2-124(d). (ECF No. 8.) Indeed, Defendant's resident agent's unrebutted attestation is that he did not receive service of process by Plaintiff and that Andrea T. Jones, who Plaintiff referenced in the service of process form, is merely an employee of Defendant and not authorized to accept service. (Milani Aff., ECF No. 12-1 ¶ 4.) Additionally, summons was returned unexecuted. (ECF No. 9.) While the U.S. Marshal was ordered to effect service, the ultimate responsibility for ensuring service rests with Plaintiff. There has been no proof of service, no response to the unrebutted evidence supporting the inadequacy of the attempted service, and no response, request, or efforts by Plaintiff to correct the identified issue. Based on the foregoing, and where nearly 10 months have passed since the court granted Plaintiff's in forma pauperis motion, the court finds dismissal warranted pursuant to Rule 12(b)(5).

## IV.    **CONCLUSION**

Accordingly, for the reasons set forth herein, by separate order, Defendant's Motion (ECF No. 12) will be granted.

May 29, 2026                                              /S/

_____
Julie R. Rubin
United States District Judge

8